IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

**TRAVIS R. NORWOOD,**

        **Plaintiff,**

                                                                           **Civil Action No. 5:21-cv-00479**

v.

**THE WEST VIRGINIA STATE BAR,
OFFICE OF DISCIPLNARY COUNSEL,
AND E. LAVOYD MORGAN, JR.,**

        **Defendants.**

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Plaintiff's ***Application to Proceed Without Prepayment of Fees and Costs*** (ECF No. 1), filed on August 27, 2021. Having examined Plaintiff's Complaint, the undersigned has concluded that Plaintiff fails to state a claim for which relief can be granted in this matter and therefore respectfully recommends that Plaintiff's ***Application*** be denied and this matter be dismissed.

**FACTUAL BACKGROUND**

On August 27, 2021, Plaintiff, acting *pro se* and in confinement at Mount Olive Correctional Complex in Mt. Olive, West Virginia, filed his Application to Proceed Without Prepayment of Fees and Costs and a Complaint.[1] (ECF Nos. 1, 2) In his Complaint, Plaintiff names the following as Defendants: (1) The West Virginia State Bar (hereinafter referred to as "State Bar"); (2) Office of Disciplinary Counsel (hereinafter referred to as "ODC"); and (3) E. Lavoyd Morgan, Jr. (hereinafter referred to as "Morgan") (ECF No. 2 at 4) Plaintiff alleges that on May 4, 2017 he retained Morgan to represent him in a criminal proceeding in the Circuit

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. See Haines v. Kerner, 404 U.S.

1

Court of Greenbrier County, West Virginia, Criminal Action Number 16-F-136 for $8,000.00. (Id. at 5-6) Plaintiff alleges that he had two other criminal indictments pending against him as well, action numbers 16-F-135 and 17-F-35), and that Morgan was retained to represent Plaintiff on those other matters as well; Plaintiff's mother paid the retainer fee on his behalf. (Id. at 6) However, despite having several court proceedings, and having made "over 100 phone calls" to Morgan and his law office, neither Morgan nor anyone else from Morgan's law office appeared in court on Plaintiff's behalf. (Id. at 7)

On September 1, 2017, Plaintiff contacted the ODC to report Morgan for abandoning his case, and later on September 25, 2017, Plaintiff had a recidivist trial and sentencing during which a court-appointed lawyer represented him, "who was also working diligently to sabotage Plaintiff's chances of appeal" by having Plaintiff waive his proportionality challenge during sentencing. (Id. at 8) Plaintiff only wanted to speak with Morgan about his criminal matters, however, Morgan "was only using his status as a licensed practicing member of the [State Bar] to cheat, steal, fraud and bamboozle Plaintiff out of monies." (Id.)

On October 14, 2017, Plaintiff filed a formal complaint with the ODC, and finally, after "two (2) years of delays", the ODC filed a statement of charges against Morgan with the West Virginia Supreme Court of Appeals, Lawyer Disciplinary Board v. E. Lavoyd Morgan, Jr., Supreme Court No. 19-0879, which included Plaintiff's complaint, "I.D. No. 17-05-523" " 'Count II' in the Statement of Charges." (Id. at 8-9) On November 17, 2020, the West Virginia Supreme Court of Appeals issued an Order and Mandate annulling Morgan's law license and ordering him to issue refunds in twelve cases, including Plaintiff's, as well as to reimburse the ODC for the cost of the proceedings. (Id. at 9)

Plaintiff indicates that a petition for habeas relief was unsuccessful in the Circuit Court of

---

519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Greenbrier County that Plaintiff premised upon Morgan's conduct (Travis R. Norwood v. Donald F. Ames, case number 19-C-130); Plaintiff also filed a civil action against Morgan in the Circuit Court of Greenbrier County (Travis R. Norwood v. E. Lavoyd Morgan, Jr., case number 19-C-151), however, the latter case was dismissed by the court because Plaintiff failed to obtain postconviction relief first. (Id. at 9-10) However, Plaintiff learned through discovery that Morgan had no professional liability insurance or assets available to satisfy any liability claim. (Id.)

Plaintiff asserts that the State Bar has a lawyer's fund for client protection, and that he filed a claim for same ("Case I.D., Travis R. Norwood – Claimant, E. Lavoyd Morgan, Jr./Attorney 19-08-CSF"), however, his claim was denied. (Id. at 10)

Plaintiff alleges that the State Bar is an agency of the West Virginia Supreme Court of Appeals to "give effect to pertinent rules" of the Court as well as to perform "the functions expressed in the Constitutions and by-laws of the [State Bar]." (Id. at 11) Plaintiff states that one such rule and regulation of the State Bar is that lawyers are to provide information that they have about $100,000 in professional liability insurance or assets to cover liability claims. (Id.) Plaintiff further asserts that the ODC was created to prosecute violations of the rules of professional conduct and is primarily responsible for the investigation of ethical complaints against lawyers. (Id. at 12) Plaintiff states he was "erroneously convicted" in case number 16-F-136, and because "obviously" Morgan stole Plaintiff's money, Plaintiff had to retain other appellate counsel for his proportionality challenge, which he described as a "frivolous" appeal because his court-appointed lawyer had him waive this challenge.[2] (Id.)

Plaintiff alleges that due to each Defendants' "negligence and fraudulent actions", he has been wrongfully incarcerated, defrauded out of $7500 by Morgan, and had "paid thousands of dollars in an attempt to fix the miscarriage of justice." (Id. at 13) Specifically, Plaintiff asserts

3

the State Bar is negligent to the extent that it failed to exercise control over its members, including Morgan, as it failed to supervise and verify Morgan's professional liability insurance information. (Id. at 14) Plaintiff alleges the ODC failed to "properly and timely investigate and prosecute the multitude of violations of the Rules of Professional Conduct" by Morgan. (Id. at 14-15) Plaintiff asserts that both the State Bar and the ODC "have intentionally, knowingly and recklessly been negligent in their responsibilities and duties, allowing a pattern of practice of constitutional violations to develop and exist as a matter of custom and practice within the members of the [State Bar]." (Id. at 15) Finally, Plaintiff alleges Morgan "fail[ed] to adhere to the terms of the Retainer Agreement Contract"[3] and was negligent in his professional duties to Plaintiff. (Id.)

As relief, Plaintiff requests that he be awarded $3,000,000 for compensatory and punitive damages against each Defendant. (Id. at 16)

## **THE STANDARD**

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an

---

[2] Plaintiff provided a copy of an invoice incurred for prosecuting his appeal as "Exhibit F" (ECF No. 2 at 41).
[3] Plaintiff affixed a copy of the Retainer Agreement he had with Morgan as "Exhibit A" (ECF No. 2 at 23-25).

arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327-28, 109 S.Ct. at 1833. A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

This Court is required to liberally construe *pro se* documents, holding them to a less stringent standard than those drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (1978). Liberal construction, however, "does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at * 3 (N.D.W. Va. 2007)(citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978)). Further, liberal construction does not require the "courts to conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. Small v. Endicott, 998 F.2d 411 (7th Cir. 1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992); also see Goode v. Central Va. Legal Aide Society, Inc., 807 F.3d 619 (4th Cir. 2015).

## ANALYSIS

1.      **Application of Res Judicata:**

As an initial matter, Plaintiff names E. Lavoyd Morgan as a Defendant, and this Court previously dismissed an action filed by this Plaintiff against this Defendant. See, Travis R. Norwood v. E. Lavoyd Morgan, Jr., Associates L.C., *et al.*, civil action number 5:19-cv-00491. In that case, the District Court adopted the undersigned's recommendation for dismissal for Plaintiff's failure to state a claim for which relief could be granted, and Plaintiff's latest allegations against Morgan are identical to those alleged in the earlier action. To that extent, Plaintiff's legal malpractice claim against Morgan, and indeed, by virtue of privity, discussed *infra*, concerns the same claims he raises herein against the State Bar and ODC, it is clear that Plaintiff is attempting to resurrect not only State claims that were already adjudicated, but also claims that were previously adjudicated by this Court, and that such matters were never appealed, and therefore remain final in all respects on the merits.

Thus, the doctrines of *res judicata*, collateral estoppel and/or claim preclusion provide yet additional grounds that command dismissal of Plaintiff's current civil action. The preclusive effects of the doctrines of *res judicata* and collateral estoppel are designed to promote judicial economy, encourage reliance on judicial decisions, and relieve parties from the expense of multiple lawsuits. See Parklane Hosiery Co. Inc. v. Shore, 439 U.S. 322, 326, 99, S.Ct. 645, 649, 58 L.Ed.2d 552 (1979); Wright & Miller, § 131.12[4][a]. "Under *res judicata*, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." Young-Henderson v. Spartanburg Area Mental Health Center, 945 F.2d 770, 773 (4th Cir. 1991)(*quoting*, Montana v. United States, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979). "The doctrine of *res judicata* encompasses two concepts: 1) claim preclusion and 2) issue preclusion, or collateral estoppel." See Orca Yachts, L.L.C. v. Mollicam, Inc., 287 F.3d

316, 318 (4th Cir. 2002) (citing In re Varat Enterprises, Inc., 81 F.3d 1310, 1315 (4th Cir. 1996) (internal citations omitted). Collateral estoppel "precludes relitigation of an issue decided previously in judicial or administrative proceedings provided the party against whom the prior decision was asserted enjoyed a full and fair opportunity to litigate that issue in an earlier proceeding." In re McNallen, 62 F.3d 619, 624 (4th Cir. 1995).

Claim preclusion occurs when three conditions are satisfied: 1) the prior judgment was final and on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process; 2) the parties are identical, or in privity, in the two actions; and, 3) the claims in the second matter are based upon the same cause of action involved in the earlier proceeding. Kenny v. Quigg, 820 F.2d 665, 669 (4th Cir. 1987). The doctrine of collateral estoppel applies if the following elements are satisfied: (1) "the issue sought to be precluded is identical to one previously litigated;" (2) "that the issue was actually determined in the prior proceeding;" (3) "that the issue's determination was 'a critical and necessary part of the decision in the prior proceeding;" (4) "that the prior judgment is final and valid;" and (5) "that the party against whom collateral estoppel is asserted 'had a full and fair opportunity to litigate the issue in the previous forum." Collins v. Pond Creek Mining Co., 468 F.3d 213 (4th Cir. 2003)(citation omitted).

It is apparent that the case *sub judice* involves the same events or offenses complained of in the prior civil action Plaintiff filed not just in the Greenbrier Circuit Court, but also in this Court. As noted *supra*, Plaintiff has alleged Morgan committed legal malpractice, breached his contract with Plaintiff by failing to defend him in the state criminal matters, and as a result, contributed to Plaintiff's current incarceration. Plaintiff has already litigated these matters before

state tribunals, which have been adjudicated and remain final on the merits.

"The test to determine whether a cause of action is the same is 'to inquire whether the same evidence would support both actions or issues[.]' " See Harrison v. Burford, 2012 WL 2064499, at *3 (S.D.W. Va. Jun. 7, 2012) (citations omitted). The undersigned finds that Plaintiff's allegations or issues raised in the current civil action are identical to those presented in his prior civil action(s), and that the same evidence would support both actions. Therefore, the current case against Morgan is barred by *res judicata*. Further, there is no indication that Plaintiff sought further review of the Greenbrier Circuit Court's dismissals of his action against Morgan or his habeas petition (case numbers 19-C-151 and 19-C-130, respectively), thus it appears the decisions are final on its merits. Similarly, there is no indication Plaintiff sought further review of the State Bar dismissing his claim in case number 19-08-CSF.

To the extent that Plaintiff is now suing different defendants, namely, the State Bar and ODC, it is necessary to determine the privity of these defendants to Morgan. To be in privity with a party to a previous litigation, the nonparty must be "so identified in interest with a party to former litigation that he represents precisely the same legal right in respect to the subject matter involved." Jones v. SEC, 115 F.3d 1173, 1180 (4th Cir. 1997) (citing Nash County Board of Education v. Biltmore Co., 640 F.2d 484, 493 (4th Cir. 1981). Plaintiff's current civil action simply bootstraps the allegations he raised in the prior state court proceedings by now naming the State Bar and ODC as defendants, ostensibly invoking *respondeat superior* liability, and based upon the same factual allegations Plaintiff already alleged against Morgan. Thus, to the extent these parties are in privity with Morgan through the disciplinary proceedings before the West Virginia Supreme Court of Appeals, the State Bar and the ODC would also enjoy the

protections afforded under the doctrine of *res judicata* and collateral estoppel.

**2.      Lack of Jurisdiction:**

As noted *supra*, Plaintiff names not only his former lawyer, Morgan, but also the State Bar and the ODC, as Defendants in this action for issues related to Plaintiff's conviction in a state court proceeding. To the extent Plaintiff is asserting a Section 1983 claim, it is known that generally, to state and prevail upon a claim under 42 U.S.C. § 1983, a plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States.

Regarding Morgan, or any other lawyer appointed to or retained by Plaintiff during the state proceedings, it is well established that an attorney does not act under the color of state law when retained or court-appointed. Vermont v. Brillon, 556 U.S. 81, 129 S.Ct. 1283, 1291, 173 L.Ed.2d 231 (2009)("Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor."); Polk County v. Dodson, 454 U.S. 312, 3325, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981)("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980)(state-appointed counsel is not acting under color of state law), cert denied, 454 U.S. 1141, 102 S.Ct. 99, 71 L.Ed.2d 293 (1982); Deas v. Potts, 547 F.2d 800 (4th Cir. 1976)("A private attorney who is retained to represent a criminal defendant is not acting under color of state law, and therefore is not amenable to suit under § 1983."). Additionally, there is no allegation or indication that E. Lavoyd Morgan, Jr. was acting under the color of state law or had a contract with the State. See West v. Atkins, 487 U.S. 42, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1998)(A private entity that contracts with the State to provide

medical services acts "under color of state law.").

Regarding the State Bar and ODC, Plaintiff fails to establish how either entity acted "under color of state law" to satisfy a Section 1983 claim. To the extent Plaintiff alleges the State Bar and the ODC failed to supervise or enforce their rules as they pertain to Morgan as a licensed attorney, Section 1983 will not support a claim based on a *respondeat superior* theory of liability. Monell v. Dep't of Soc. Services, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); see also Polk County v. Dodson, 454 U.S. 312, 326, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981)(general allegation of administrative negligence fails to state a constitutional claim cognizable under Section 1983) (internal citations omitted).

Despite Plaintiff's failure to identify any individual or individuals associated with the actions taken by the State Bar or the ODC against Morgan, in any event, activities related to the prosecution of members in violation of the Rules of Professional Conduct are shielded by absolute immunity, thus a Section 1983 claim cannot proceed. See, e.g., Polidi v. Bannon, 226 F.Supp.3d 615 (E.D. Va. 2016); Arroyo v. Zamora, 2018 WL 1413195 (W.D.N.C. 2018). Further, given the nature of Plaintiff's claims, it is clear that states have a strong interest in regulating the practice of law. See, e.g., Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 434, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982) ("States traditionally have exercised control over the professional conduct of attorneys. The ultimate objective of such control is the protection of the public, the purification of the bar and the prevention of a re-occurrence.") (internal citations and internal quotation marks omitted). To the extent Plaintiff is asking this Court to review the actions taken by the State Bar and the ODC, the Rooker-Feldman doctrine[4] precludes this Court from exercising subject matter jurisdiction over

---

[4] The Rooker-Feldman doctrine mandates that lower federal courts generally do not have jurisdiction to review

the West Virginia Supreme Court of Appeals decision regarding Morgan. See Allstate Ins. Co. v. West Virginia State Bar, 233 F.3d 813 (4th Cir. 2000). Indeed, this Court has previously determined that the State Bar is an agency of the West Virginia Supreme Court of Appeals, vested with exclusive authority to regulate and control the practice of law, and as such, operates as an agency within the state court system pursuant to the rules set forth by the West Virginia Supreme Court of Appeals. Id. at 818; see also, Bias v. Workers' Compensation Com'r, 381 S.E.2d 743, 181 W. Va. 188 (1989) (exclusive authority to define, regulate, and control practice of law is vested in West Virginia Supreme Court of Appeals); West Virginia Const. Art. 8, § 1. Because this Court has previously held that the West Virginia State Bar proceedings concerns a state judicial decision, this Court cannot directly review that decision. Id. That also includes Plaintiff's claims of alleged federal constitutional violations. Id.

Nevertheless, despite Plaintiff's conclusory allegations against the State Bar and the ODC[5], Plaintiff simply fails to establish how either the State Bar or the ODC violated his constitutional rights that would support a federal claim. Significantly, Plaintiff affixed a copy of the Mandate from the West Virginia Supreme Court of Appeals that ordered Morgan to refund Plaintiff's mother $7500 (See ECF No. 2 at 36-37). Thus, contrary to Plaintiff's allegations otherwise, it is clear that the State Bar and the ODC actually acted in accordance with their own rules and regulations, and prosecuted Morgan for his violations under the Rules of Professional Conduct.

Based on the foregoing, the undersigned finds that Plaintiff cannot pursue a Section 1983

---

decisions by state courts, including any federal claims connected thereto that are inextricably intertwined with the state court decisions. See Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997).
[5] See, e.g., Willis v. Ashcroft, 92 Fed. App'x 959 (4th Cir. 2004) (conclusory allegations of conspiracy give no basis for relief).

claim against the named Defendants, and recommends dismissal.

**3.     Eleventh Amendment Immunity:**

To the extent Plaintiff's Complaint concerns a Section 1983 claim, as discussed *supra*, Plaintiff's Complaint also fails because states, state agencies, or state officials sued in their official capacities cannot be sued for damages under Section 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 66, 109 S.Ct. 2304, 2309, 105 L.Ed.2d 45 (1989) (suits against a state or state agencies for monetary damages are barred by the Eleventh Amendment to the United States Constitution); Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 117, 104 S. Ct. 900, 79 L.Ed.2d 67 (1984); Westinghouse Elec. Corp. v. West Virginia Dept. of Highways, 845 F.2d 468, 470 (4th Cir.), *cert. denied*, 488 U.S. 855, 109 S.Ct. 143, 102 L.Ed.2d 116 (1988).

The Eleventh Amendment prohibits individuals from bringing suit against states and state agencies in federal court. See Bd. of Trs. of Univ. Ala. v. Garrett, 531 U.S. 356, 361, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001) ("The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." (citations omitted). According to the Supreme Court in Will v. Michigan Dept. of State Police, 491 U.S. at 71, "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself" (internal citations omitted). In short, Plaintiff's suit is against the State of West Virginia. See Kentucky v. Graham, 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). Accordingly, Plaintiff's suit fails against the State Bar as well as the ODC as they are protected by the Eleventh Amendment, thus, his claims against these Defendants must be dismissed. Nivens v. Gilchrist, 444 F.3d 237, 248-249 (4th Cir. 2006) (holding that a state officer sued in his

official capacity was protected by the Eleventh Amendment).

4.      **Challenge to State Conviction:**

Plaintiff appears to allege that his constitutional rights were violated during the course of his criminal proceedings in the Circuit Court of Greenbrier County. Specifically, Plaintiff appears to challenge the validity of his conviction in Criminal Action Number 16-F-136 and in the subsequent recidivist proceedings based upon allegations of ineffective assistance of counsel. Given the nature of Plaintiff's allegations, it appears that Plaintiff is implying that his conviction is invalid as a result of various constitutional violations during criminal proceedings in the Circuit Court of Greenbrier County, West Virginia. Consequently, the undersigned finds that Plaintiff has failed to state a cognizable claim under Section 1983 pursuant to Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In Heck, the United States Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing the relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Id. at 486-87, 114 S.Ct. 2372. See also Ballenger v. Owens, 352 F.3d 842 (4th Cir. 2003)(holding that an arrestee's Section 1983 claim was not cognizable against state trooper, alleging unreasonable search and seizure, under Heck, since judgment in arrestee's favor would have implied the invalidity of conviction). Plaintiff has further indicated that he has been unsuccessful in *habeas* proceedings, therefore, it also appears that Plaintiff has not demonstrated that his criminal conviction has been invalidated; Plaintiff's Section 1983 claim is not cognizable

pursuant to Heck. Accordingly, the undersigned respectfully recommends that the above claims be dismissed.

5. **State Law Claims:**

Plaintiff's claims against the State Bar and the ODC also sound in a breach of contract claim bootstrapped from the claim he had previously asserted against Morgan, or alternatively, as discussed *supra*, akin to a *respondeat superior* theory of liability. Under West Virginia law, the undersigned finds that the District Court should decline to exercise supplemental jurisdiction over such claims. The District Court has supplemental jurisdiction over State law claims "that are so related to claims in the action within [the District Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "[T]he federal claim must have sufficient substance to confer subject matter jurisdiction on the court. The state and federal claims must derive from a common nucleus of operative facts." United Mineworkers of America v. Gibbs, 383 U.S. 718, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966)(citation omitted).

It is apparent from the Complaint that the criteria for original jurisdiction pursuant to 28 U.S.C. § 1332 is absent in this case, given the lack of diversity of the parties, the amount in controversy notwithstanding. Moreover, Plaintiff asserts that he filed a complaint against Morgan with the ODC, and that such matters have since concluded. It has long been held that state bar disciplinary proceedings involve an important state interest that warrants federal court deference. See Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423 (1982). The undersigned therefore respectfully recommends that the District Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims because Plaintiff has failed to

state any other claim for which relief can granted over which the District Court has original jurisdiction.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's ***Application to Proceed Without Prepayment of Fees and Costs*** (ECF No. 1), **DISMISS** Plaintiff's Complaint (ECF No. 2) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on any opposing parties, District Judge Johnston and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to

Plaintiff, who is acting *pro se*.

ENTERED: August 31, 2021.

/s/ Omar J. Aboulhosn
Omar J. Aboulhosn
United States Magistrate Judge