IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

TRAVIS R. NORWOOD,

           Plaintiff,

v.                                      CIVIL ACTION NO.  5:21-cv-000479

THE WEST VIRIGNIA STATE BAR, et al.,

           Defendants.

**ORDER**

    Pending before the Court is Plaintiff Travis Norwood's ("Plaintiff") Application to Proceed Without Prepayment of Fees and Costs.  (ECF No. 1.)  By Standing Order entered in this case on August 27, 2021, this action was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of proposed findings and a recommendation for disposition ("PF&R").  Magistrate Judge Aboulhosn filed his PF&R on August 31, 2021, recommending this Court deny Plaintiff's Application and dismiss this action.  (ECF No. 7.)

    This Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Failure to file timely objections constitutes a waiver of *de novo* review.  28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  In addition, this Court need not conduct a *de novo* review when a party "makes general

and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Objections to the PF&R were due on September 17, 2021. (ECF No. 7.) To date, Plaintiff has failed to submit any objections in response to the PF&R, thus constituting a waiver of *de novo* review and Plaintiff's right to appeal this Court's order.[1]

Therefore, the Court **ADOPTS** the PF&R, but declines to adopt the finding that the West Virginia State Bar Association and Office of Disciplinary Counsel are in privity with Defendant E. Lavoyd Morgan, Jr. *See State v. Miller*, 459 S.E.2d 114, 124, n.16 (W. Va. 1995) ("[T]he mere fact that the two parties are interested in proving or disproving the same facts alone will not create privity.") However, as this finding has no bearing on the other recommendations made by the PF&R, Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), is hereby **DENIED** and his Complaint, (ECF No. 2), is **DISMISSED**. The Clerk is further **DIRECTED** to remove this case from the Court's active docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

---

[1] On September 7, 2021, Plaintiff filed a Motion to Amend. (ECF No. 10.) Rule 15 of the Federal Rules of Civil Procedure states that unless a party is permitted to amend its complaint as a matter of course, it may amend the complaint "only with the opposing party's consent or the court's leave." The Rule further instructs that a court "should freely give leave when justice so requires." Fed. R. Civ. Pro 15(a)(2). Here, Plaintiff's motion is non-specific, in that it fails to address any of the proposed findings identified in the PF&R that warrant dismissal of this action, including that the claims asserted are barred by the doctrine of *res judicata*, collateral estoppel, claim preclusion, and Eleventh Amendment immunity, among others. Relatedly, and ultimately fatal to Plaintiff's motion, the Amended Complaint, (ECF No. 10–3), is futile because it is based on the same alleged facts as the original complaint. *See Ross v. City of Charleston, West Virginia*, Civ. Action No. 2:20-cv-00670, 2021 3088005, at *4 (S.D. W. Va. July 22, 2021).

ENTER: November 3, 2021

_____
THOMAS E. JOHNSTON, CHIEF JUDGE